**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS DIVISION**

**BRUCE ALAN DAVIDSON, JR.**

    **Petitioner-Defendant,**

                                      **Civil Action No. 2:12-cv-21**
**v.**                                    **Criminal Action No. 2:09-cr-14-2**
                                        **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

    **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE**
**RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S MOTION**
**UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

## I.    INTRODUCTION

On March 8, 2012, Petitioner-Defendant Bruce Alan Davidson, Jr. ("Petitioner"), proceeding *pro se*, filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Petition" or "Motion"). (Civil Action No. 2:12-cv-21, ECF No. 1; Criminal Action 2:09-cr-14, ECF No. 171 ("Mot.").  Along with his Motion to Vacate, the petitioner filed a motion for leave to file excess pages.  (Criminal Action 2:09-cr-14, ECF No. 172.)  That motion was granted on March 12, 2012 by the undersigned.  (Criminal Action 2:09-cr-14, ECF No. 175.)

On March 16, 2012, the undersigned entered an Order directing Respondent, the United States of America  ("Respondent" or "Government") to answer Petitioner's motion.  (Criminal Action 2:09-cr-14, ECF No. 177.)  The Government responded to Petitioner's Motion on April 11, 2012 ("Response").  (Criminal Action 2:09-cr-14, ECF No. 180-181 ("Resp.").)  Petitioner's reply to the Government's Response was filed on May 11, 2012. ("Reply").  (Criminal Action 2:09-cr-14, ECF No. 182 ("Reply").)  The undersigned now issues this Report and Recommendation without holding an evidentiary hearing.  For the reasons stated below, the undersigned recommends that the

District Judge deny Petitioner's motion to vacate.

## II. FACTS

*A. Conviction and Sentence*

On June 16, 2009, the Grand Jury indicted Petitioner on twenty-five counts of a twenty-six count Indictment involving two defendants. (Criminal Action 2:09-cr-14, ECF No. 4.) Count One charged Petitioner with conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B). (*Id.*) Count Two charges Petitioner with aiding and abetting the possession of material used in the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 843(a)(6), 843(d)(2), and 18 U.S.C. § 2. (*Id.*) Counts Three, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Four, Twenty-Five and Twenty-Six each charged Petitioner with possession of psuedoephedrine to be used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(c)(2). (*Id.*)

On July 8, 2009, Petitioner was arrested and a Motion to Detain was filed by the Government.. ( Motion to Detain, Criminal Action No. 2:09-cr-14-2, ECF No. 13.) A detention hearing was held on July 13, 2009, at which time Magistrate Judge John S. Kaull denied the Government's Motion to Detain and released Petitioner pursuant to an Order Setting Conditions of Release, which included the condition that Petitioner abide by electronic monitoring and an inspection of his home by Pretrial Services. (Order on Motion to Detain, Criminal Action No. 2:09-cr-14-2, ECF No. 24.)

On August 14, 2009, a Petition for Action on Violations of the Conditions of Pretrial Release was filed and on September 1, 2009, a hearing was held before Magistrate Judge Kaull on that

petition. (Bond Revocation Order, Criminal Action No. 2:09-cr-14-2, ECF No. 62.) Magistrate Judge Kaull rejected Petitioner's testimony at that hearing as being not credible and concluded that there was clear and convincing evidence that Petitioner tested positive on August 14, 2009 for amphetamine/methamphetamine. (*Id.* at 4.) On September 1, 2009, Petitioner's bond was revoked and he was remanded to the custody of the U.S. Marshal Service. (*Id.* at 5.)

On September 17 and 18, 2009, Petitioner signed a plea agreement in which he agreed to plead guilty to Count One, conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), & 846. (Plea Agreement, Criminal Action No. 2:09-cr-14-2, ECF No. 94.) In the plea agreement, the parties stipulated that Petitioner's total drug relevant conduct was more than five hundred (500) grams but less than one and half (1.5) kilograms of methamphetamine. (*Id.* at 4.) On September 18, 2009, Petitioner entered his plea of guilty before Magistrate Judge Kaull. (Criminal Action No. 2:09-cr-14-2, ECF No. 104.)

Petitioner appeared before United States District Judge John Preston Bailey for sentencing on March 8, 2010. (Judgment in a Criminal Case, Criminal Action No.2:09-cr-14-2, ECF No. 134.) At this time, the parties agreed that base offense level for Petitioner should be 32. (Sentencing Hrg. Tr., Criminal Action No. 2:09-cr-14-2, ECF No. 150 at 3:23-25.) Judge Bailey sentenced Petitioner to 235 months imprisonment to be followed by a four-year term of supervised release. (Judgment in a Criminal Case, Criminal Action No.2:09-cr-14-2, ECF No. 134.)

## B. *Direct Appeal*

Petitioner pursued a direct appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). On appeal, Petitioner challenged the reasonableness of his sentence contending that the district court clearly erred by increasing his sentence for obstruction of justice

and for an offense that created a substantial risk of harm to human life or the environment. *United States v. Davidson*, 417 F. App'x 347, 348, 2011 WL 933952, at *1 (4th Cir. Mar. 18, 2011) (per curiam). The Fourth Circuit affirmed Petitioner's conviction and sentence, holding that the trial court's reliance on the magistrates's judge's perjury finding in applying obstruction of justice enhancement was not clear error; the application of the enhancement for substantial harm to human life or the environment was not clear error and that the sentence imposed was procedurally reasonable. *Davidson*, 417 Fed. Appx at 350-51, 2011 WL 933952 at *2-3.

. **C. Federal Habeas Corpus**

**1. Petitioner's Motion**

Petitioner alleges two claims of ineffective assistance of counsel in his Motion. Specifically, Petitioner alleges the following:

1. CJA Deanna Pennington, Esq. failed to renew her challenge to the overruled objections regarding acceptance of responsibility and argue that obstruction of justice and acceptance of responsibility are not the same; and

2. CJA Deanna Pennington, Esq. failed to raise a preserved issue regarding the court's denial of the acceptance of responsibility reduction which was a stronger issue for appeal under *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

(Mot. at 9-10.)

**2. Government's Response**

In its Response, the Government asserts that Petitioner refused to testify at his co-defendant's trial and when placed under oath denied knowledge of the conspiracy to which he pled guilty. (Resp. at 2.) The district court found that Petitioner's refusal to testify (without commenting on his

perjury) was inconsistent with acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. (*Id.* at 2.) Trial counsel for the petitioner objected twice to this finding by the district court (once in writing and once orally). (*Id*). The issue regarding whether Defendant refused to testify was not raised on appeal because it was meritless. (*Id.*) It was clear from the evidence before the district judge that Defendant refused to testify at trial. (*Id.*) Further the government argues that pursuant to *Jones v. Barnes*, 463 U.S. 745, 754 (1983), the law does not require appellate counsel to raise every colorable claim on appeal. (*Id.*) Although the government would argue that this claim is not even colorable, counsel's conduct did not fall below *Strickland's* objective standard of reasonableness so Petitioner's motion should be denied. (*Id.*)

### 3. Petitioner's Reply

In his Reply, Petitioner asserts that the government mistakenly leads the court to believe that he "refused to testify at his co-defendant's trial." (Reply at 2.) Petitioner argues that he was brought to court on September 22, 2009 and did testify outside the presence of the jury. (*Id.* at 3.) Petitioner further asserts that after he answered seventeen (17) questions during that hearing, it was the government that decided not to have him testify before the jury. (*Id.*) Therefore, Petitioner asserts that he did not violate the plea agreement because he did testify in court and he should have gotten the reduction for acceptance of responsibility. (*Id.* at 9.)

### D. *Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied and dismissed from the docket because Petitioner has failed to meet the *Strickland* test because he has failed to demonstrate that CJA Deanna Pennington, Esq. rendered ineffective

assistance of counsel at sentencing or on direct appeal.

### III.     ANALYSIS

*A.     Standard Governing Claims of Ineffective Assistance of Counsel*

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." (*Id.*) Second, "the defendant must show that the deficient performance prejudiced the defense." (*Id.*) These two prongs are commonly referred to as the "performance" and "prejudice" prongs. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. *See Strickland*, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. *See id.* at 691. In the context of a guilty plea, a petitioner must demonstrate that there is a reasonable

probability that but for his attorney's alleged mistakes, he would not have pled guilty and instead would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297.

B.  *Analysis of Petitioner's Claims of Ineffective Assistance of Counsel*

   1.  **Petitioner's Claim of Ineffective Assistance of Counsel For Failing to Renew the Challenge to the Overruled Objection Regarding Acceptance of Responsibility At Sentencing Has No Merit**

As his first ground for relief, Petitioner asserts that Deanna Pennington, Esq. failed to renew her challenge to the overruled objection regarding acceptance of responsibility. (Mot. at 9.) It is clear from the record that Ms. Pennington did file a written objection on January 5, 2010, stating that "The Defendant did not violate the terms of the plea agreement when he was placed on the stand in the trial of Jeremy Brown. The defendant did accept responsibility by entering his plea of guilty to Count 1 of the indictment." (Criminal Action No. 2:09-cr-14-2, ECF No. 134-1, at 86.) In addition, at the sentencing, Ms. Pennington went over each of her objections with the district judge. With regards to this particular objection two, she argued that "Mr. Davidson, did, in fact, accept responsibility whenever he pled guilty to Count One of the indictment and that he did not violate the terms of the plea agreement when he was placed on the stand at his co-defendant's trial." (Sentencing Hrg. Tr. at 4:5-19.)

In support of this argument, Ms. Pennington stated that the Government was told prior to the plea hearing that Petitioner did not want to testify against his co-defendant and would not testify against his co-defendant. However, Petitioner signed a plea agreement that stated as follows: "The defendant will be completely forthright and truthful with the United States Attorney's Office and

any other state or federal officials designated by the United States Attorney's Office, with regard to all inquiries. He agrees to give signed and sworn statements, and grand jury and trial testimony, with regard to all inquiries." (Plea Agreement at 2). During the change of plea hearing before Magistrate Judge Kaull, the government summarized the plea agreement stating in part that "The Defendant will be forthright and truthful with the United States with regard to any inquiries made and will give...trial testimony if requested to do so." (Change of Plea Hrg. Tr., Criminal Action No. 2:09-cr-14-2, ECF No. 155 at 6:5.) After the summarization, Magistrate Judge Kaull asked Petitioner if he was able to follow along and whether that was an accurate summation of the agreement reached with the government. (*Id.* at 9:19-23.) Petitioner responded "yes." (*Id.* at 9:24.) Magistrate Judge Kaull further asked if Petitioner had a chance to review the plea agreement with his counsel before he signed it, whether he understood the agreement, and if he was signing it of his own free will. (*Id.* at 22:6-17.) The Magistrate Judge further asked, "[H]as anything been promised to you other than what is contained in this written plea agreement that I am holding up, in order to induce you or to convince you to plead guilty to Count One of the Superceding Indictment?" (*Id.* at 22:18-21.) Petitioner responded, "No." (*Id.* at 22:22.) The Court further asked, "Has anything changed about your understanding of the written terms of the plea agreement between yesterday when you signed it and today? (*Id.* at 22:23-25.) Petitioner responded "No." (*Id.* at 23:1.) It is clear that Petitioner was aware that he may be called upon to give truthful testimony at the trial of Jeremy Brown and that if he did not give truthful testimony at that trial, he would be violating the terms of his plea agreement.

On September 22, 2009, Petitioner was brought to the trial of Jeremy Brown to testify. (Resp., Ex. 4 ("Trial Tr. Exerpt") at 265.) Petitioner's counsel had notified the Assistant United

States Attorney ("AUSA") that Petitioner was not willing to testify at trial. (*Id.* at 265:23-25.) The AUSA had Petitioner brought to court anyway outside the presence of the jury and without counsel in order to give him an opportunity to comply with the plea agreement and provide truthful testimony during the trial. The following colloquy occurred:

> Q. [By Mr. Warner] That's why we're here without the jury. I understand, or I have heard, that you may not be willing to cooperate now?
>
> A. [By Petitioner] No. I mean, I'll answer questions. I just don't feel any of my information would be helpful.
>
> Q. Did you conspire with Jeremy Brown?
>
> A. No, sir.

(*Id.* at 265:25 and 266:1-10.) The count that Petitioner plead guilty to on September 18, 2012 was the conspiracy count. (Change of Plea Tr. at 36:22-25 and 27:1-5.)

Defense counsel Pennington filed objections to the presentence investigation report arguing that Petitioner did not violate the terms of his plea agreement and should be given an acceptance of responsibility reduction since he plead guilty. (Presentence Investigation Report, Criminal Action No. 2:09-cr-14-2, ECF No. 134-1 at 86.) At the sentencing hearing, Ms. Pennington argued this objection. (Sentencing Hr. Tr. at 4:5-25.)

The question before this court is whether defense counsel's failure to object a third time to the district courts denial of acceptance of responsibility was ineffective assistance of counsel under *Strickland v. Washington*. It is clear to the undersigned that Defendant has not demonstrated that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Therefore, the "performance" prong of *Strickland* has not been met.

The second prong of *Strickland* is "prejudice." *Id.* If counsel's alleged errors had no effect on the judgment, the conviction should not be reversed. *Id.* at 691. At sentencing, Judge Bailey stated:

> While the Defendant claims that he wants to be with his children, those children were around while he was engaging in this type of activity and the time to think about them was before you committed this crime. The Defendant has engaged in obstructive behavior. He has breached his plea agreement by refusing to provide truthful testimony and he and his co-conspirators have created a meth problem in Upshur County that has been the scourge of the-of the county.
>
> For those reasons, I see no reason to go below the lowest end of the guidelines. That sentence is necessary to adequately punish the Defendant for the seriousness of the offense and to instill within the Defendant and the public, a proper respect for the law and provide for a proper period of incapacitation and rehabilitation

(Sentencing Hrg. Tr. at 16:22-28 and 17:1-6.) The undersigned finds that no matter how many times Petitioner's counsel objected to the denial of acceptance of responsibility, it would not have affected Judge Bailey's ruling.

Neither prong of the *Strickland* test was met. Therefore, the court finds that Petitioner's claim of ineffective assistance of counsel with regard to the district court's denial of acceptance of responsibility reduction at sentencing should be denied.

2. **Petitioner's Claim of Ineffective Assistance of Counsel For Failing to Raise a Preserved Issue on Appeal Regarding the Court's Denial of the Acceptance of Responsibility Is Without Merit**

The right to effective assistance of counsel extends to a defendant's first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). However, appellate counsel has no constitutional duty to raise all nonfrivolous issues requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). As the *Jones* Court recognized, "by promulgating a *per se* rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed, the Court of Appeals seriously

undermine[d] the ability of counsel to present the client's case in accord with counsel's professional evaluation." *Id.* The Fourth Circuit has held that when applying the *Strickland* test to claims of ineffective assistance of appellate counsel, "reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)).

In this case, defense counsel objected to the denial of the acceptance of responsibility twice. The district court had already determined that an obstruction of justice enhancement was warranted based on the petitoner's testimony at a bond revocation hearing where Magistrate Judge Kaull determined that testimony to be "not credible." (Order/Opinion, Criminal Action No. 2:09-cr-14-2, ECF No. 62 at 4.) Defense counsel's objection to the district court's denial of acceptance of responsibility was a meritless claim and was not likely to afford relief to Petitioner on appellate review. In fact, the Fourth Circuit found that the sentence imposed was procedurally reasonable. *Davidson*, 417 F. App'x at 350, 2011 WL 933952 at *1.

Neither prong of the *Strickland* test was met with regard to Petitioner's second claim. Thus, Petitioner's second ground for relief should be denied as well.

## IV.  RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 2:12-cv-21, ECF No. 1; Criminal Action 2:09-cr-14, ECF No. 171.) be **DENIED** and **DISMISSED** from the docket because Petitioner has failed to meet the *Strickland* test and demonstrate that defense counsel Pennington rendered ineffective assistance of counsel.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Bruce Alan Davidson.

**DATED:** June 1, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE